[1, 2] The conceded facts warrant a finding by the jury that appellant was a principal offender, under articles 66, 67, and 69, vol. 1, P. C. 1925. There was evidence that he was present, keeping watch, aided in securing the safety of his confederates, and, from his actions in concert with them before, at the time of and subsequent to the unlawful act, an agreement to do so may be inferred. See Rowan v. State, 97 Tex. Cr. R. 130, 260 S. W. 591; Coomer v. State, 97 Tex. Cr. R. 588; 262 S. W. 495; Monday v. State, 90 Tex. Cr. R. 8, 232 S. W. 831; Hays v. State, 90 Tex. Cr. R. 193, 236 S. W. 463; also Underhill on Crim. Ev. (3d Ed.) § 491; Wharton on Homicide (3d Ed.) § 441; 2 Wharton's Crim. Ev. p. 1732. The direct evidence showing appellant's presence and participation to the extent stated above, a charge on circumstantial evidence was not required, on the issue of intent. See Russell v. State, 38 Tex. Cr. R. 596, 44 S. W. 159; Branch's Ann. Tex. P. C. § 1874.

[3] In bill of exceptions No. 1 there is complaint of the inquiry touching the arrest of the appellant. The form of the bill is objectionable, in that it is a transcription of the stenographer's notes in question and answer form. However, even if considered, the bill contains no recitals which show that the questions propounded were not proper or that they were harmful.

Bill of exceptions No. 2 is similar in form to bill No. 1, and, moreover, is lacking in a statement of the surrounding facts such as would enable the court to determine that the ruling complained of was erroneous or harmful.

The complaint of the argument of state's counsel in bill No. 6 is sufficiently met by the facts stated in the qualification of the bill by the trial judge going to show that, so far as the argument mentioned is subject to objection, it was an appropriate reply to the remarks of the appellant's counsel in which he went out of the record.

Finding no error, the motion is overruled.

---

**DODSON v. STATE.   (No. 10456.)**

(Court of Criminal Appeals of Texas. Dec. 8, 1926. Rehearing Denied Jan. 26, 1927.)

Homicide ⚖⇒257(1), 354—Conviction for assault with intent to murder, with punishment assessed at three years in penitentiary, held proper.

Evidence *held* sufficient to support conviction for assault with intent to murder, with punishment assessed at three years in the penitentiary, where defendant stabbed brother-in-law in back on street.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

J. R. Dodson was convicted of assault with intent to murder, and he appeals. Affirmed.

Wynne & Wynne, of Kaufman, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for assault with intent to murder; punishment being three years' confinement in the penitentiary.

The record contains no bills of exception complaining of any procedure during the trial. The assault is alleged to have been committed upon one Charlie Butler. He and appellant were brothers-in-law, and the relations between them had been unpleasant for several years. Upon the day of the assault Butler was in the city of Terrell, passing along a public street upon a business mission. Appellant came out of a store where he worked, walked up behind Butler, stabbed him in the back with a knife, and then cut him in the face as he turned. Butler was unaware of appellant's presence until stabbed. We are unable to find in the evidence anything which would have excused the jury in finding appellant guilty of a less

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

offense than assault with intent to murder. The punishment assessed appears to be fully justified under the facts.

The judgment is affirmed.